UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BUTLER,

    Petitioner,                                                      Hon. Wendell A. Miles

v.                                                                   Case No. 1:02 CV 394

MARY BERGHUIS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Butler's petition for writ of habeas corpus, (dkt. #35), and Petitioner's Motions to Amend and to Stay Petition for Writ of Habeas Corpus, (dkt. #55). In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Petitioner's motion to amend and stay be **denied** and his petition for writ of habeas corpus be **denied**.

## BACKGROUND

On the afternoon of July 3, 1997, Andrea LaRose was working the second shift at a Royal Oak bank. (Trial Transcript, July 20, 1998, 57-58). At approximately 5:45 p.m. she departed the bank for a short break. *Id.* at 58-59. As she walked through the adjacent parking garage, she observed a naked white male masturbating in the stairwell. *Id.* at 58-64. Because the man was approximately 40 feet away, LaRose was unable to identify him. *Id.* at 74-75. LaRose immediately

changed directions and exited the parking garage via a different route. *Id.* at 68-70. She then walked across the street and purchased something to drink, after which she returned to the bank. *Id.*

Upon returning to the bank, LaRose informed Phil Crawford what she witnessed in the parking garage. *Id.* at 70-71, 83-84. After obtaining a description of the man, as well as his location in the parking garage, Crawford "just took off" and "went running" to the parking garage in an attempt to catch the man. *Id.* at 84-85. Approximately 15 minutes transpired between the time LaRose saw the man masturbating in the stairwell and when she spoke with Crawford about the incident. *Id.* at 71.

Upon arriving in the parking garage, Crawford saw Petitioner in the stairwell "in the process of pulling up his pants." *Id.* at 86-88. Upon seeing Crawford, Petitioner "took off" and began running away. *Id.* at 88. Crawford gave chase and eventually caught Petitioner, holding him until the police arrived. *Id.* at 88-98.

Petitioner was subsequently charged with indecent exposure. *Id.* at 3. Furthermore, given his history of previous convictions for sex-related offenses, Petitioner was also charged with being a sexually delinquent person. *Id.* at 3, 167-69. Petitioner was convicted, following a jury trial, of indecent exposure. *Id.* at 158. Petitioner then pleaded guilty to being a sexually delinquent person. *Id.* at 160-71. Petitioner was sentenced to 1 year to life in prison. (Sentencing Transcript, August 4, 1998, 10). Petitioner appealed his conviction to the Michigan Court of Appeals, asserting the following claims:

> I. Was it error for the trial court to deny the Defendant-Appellant's motion for a directed verdict, brought at the conclusion of the people's case in chief, where there was no eyewitness testimony presented to

        support the people's theory that the Defendant-Appellant had exposed his penis in a public place?

II.     Was sufficient reliable evidence presented during the Defendant-Appellant's trial on the issue of the Defendant-Appellant's identification to support the jury's finding of guilt beyond a reasonable doubt on one count of indecent exposure?

III.    Was the sentence imposed herein of from one year to life in prison, pursuant to the Defendant-Appellant's conviction for indecent exposure while being a sexually delinquent person, invalid under MCLA 750.335a which prescribes but one prison sentence, that being from one day to life?

IV.    Does the sentence imposed herein, from one year to life in prison, pursuant to the Defendant-Appellant's conviction for indecent exposure while being a sexually delinquent person, constitute an abuse of the trial court's sentencing discretion such that it violates the principle of proportionality?

V.     Was the 180-day Rule violated causing the court to lose jurisdiction?

VI.    Is either charge a Proposal B crime?

VII.   Is the crime a misdemeanor or a felony?

The Michigan Court of Appeals affirmed Petitioner's conviction, but vacated his sentence because it did not comply with the provisions of the relevant statute.[1] *People v. Butler*, No. 214174, Opinion (Mich. Ct. App., Sep. 19, 2000). Asserting the same issues, Petitioner subsequently submitted in the Michigan Supreme Court a delayed application for leave to appeal. The court denied Petitioner's request. *People v. Butler*, No. 118335, Order (Mich., May 29, 2001).

---

[1] The relevant statute provided that Petitioner "may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life." Mich. Comp. Laws § 750.335a (1998).

On remand, the trial court, noting that Petitioner had eight previous indecent exposure convictions, two previous convictions for being a sexually delinquent person, and a prior conviction for assault with the intent to commit criminal sexual conduct, sentenced Petitioner to one day to life in prison for being a sexually delinquent person. (Sentencing Transcript, November 8, 2000, 7-8). On the charge of indecent exposure, Petitioner was sentenced to one year in jail, with credit for 1,207 days previously served. *Id.* at 8.

Asserting the following issues, Petitioner appealed his sentence to the Michigan Court of Appeals:

> I. Does the sentence imposed herein, from one day to life in prison, pursuant to the Defendant-Appellant's conviction for indecent exposure while being a sexually delinquent person, constitute an abuse of the trial court's sentencing discretion such that it violates the principle of proportionality?
>
> II. When the legislature deleted all references to sexually delinquent person in the new mental health code of 1974 and in the new department of corrections act, and repealed several other sex offense statutes that were a part of the larger statutory scheme in the penal code, did it implicitly repeal the clauses in the remaining penal code statutes, or the application of sexual delinquency thereof, as the purpose for which it was created, therapy, is no longer available, and did convicting and sentencing Defendant on an implicitly repealed provision violate Defendant's due process constitutional rights?
>
> III. Was Defendant erroneously convicted and sentenced to prison as a sexually delinquent person as he was never properly charged with being a sexually delinquent person (only claimed), and hence violated his constitutionally protected due process rights?
>
> IV. Re-sentencing of November 8, 2000, brought an erroneously dual sentence, violating Defendant's

4

>constitutional protection against double jeopardy, as the trial court later concurred by its amended judgment of sentence of March 5, 2001; but, was the valid jail sentence erroneously modified, violating MCR 6.429(A), and done so ex parte, violating Defendant's constitutional protection of due process and hence must be reinstated, nunc pro tunc, and the invalidly associated to sexually delinquent person prison sentence must be nullified, nunc pro tunc?
>
>V. Is indecent exposure by a sexually delinquent person being erroneously tabulated as a felony due to what would be an erroneous interpretation within *People v. Murphy* that it is a felony under the penal code, where it may only be a high-court misdemeanor that may be treated like a felony under the code of criminal procedure, in which improperly elevating the crime grade may have violated Defendant's constitutionally protected due process rights?

The Michigan Court of Appeals affirmed Petitioner's sentence, finding it appropriate "in light of defendant's extensive criminal history." *People v. Butler*, No. 231247, Opinion (Mich. Ct. App., Aug. 6, 2002). Asserting the same issues, Petitioner subsequently submitted in the Michigan Supreme Court a delayed application for leave to appeal. The court denied Petitioner's request. *People v. Butler*, No. 122530, Order (Mich., March 31, 2003).

On May 31, 2002, Butler filed in this Court a petition for writ of habeas corpus in which he asserted the following claims:

>I. Denial of speedy trial right.
>
>II. Conviction obtained with circumstantial evidence only, without sufficient evidence, as witness could not identify Defendant.

| | |
|---|---|
| III. | Mandatory sentence of one day to life violates the principles of proportionality and is an invasion of the separation of powers. |
| IV. | Convicting of indecent exposure and sexually delinquent person and then elevate crime grade to a felony violates due process. |

On December 19, 2003, Butler submitted an amended petition for writ of habeas corpus in which he asserted the following claims:

| | |
|---|---|
| I. | Denial of speedy trial right. |
| II. | Conviction obtained with circumstantial evidence only, without sufficient evidence, as witness could not identify Defendant. |
| III. | Mandatory sentence of one day to life violates the principles of proportionality and is an invasion of the separation of powers. |
| IV. | Convicting of indecent exposure and sexually delinquent person and then elevate crime grade to a felony violates due process. |
| V. | Convicting and sentencing Defendant with an implicitly repealed alternate sentencing provision violated Defendant's constitutionally protected due process rights. |
| VI. | Defendant was never properly charged with being a sexually delinquent person (only claimed), and proceeding as if he was charged violated his constitutionally protected due process rights. |
| VII. | Trial court's attempt to correct a dual sentence, double jeopardy error was done ex parte, violating due process, and the correction did not satisfy double jeopardy requirements. |

>VIII.    Sentencing Defendant to prison for the status of being a sexually delinquent person violated Defendant's constitutional protection against cruel and/or unusual punishment.

In her response to Petitioner's amended petition, Respondent asserted that two of Petitioner's claims (claims VI and VIII) had not been properly exhausted. (Dkt. #37). This assertion prompted Petitioner to file a motion to stay proceedings in this matter so that he may return to state court to properly exhaust his unexhausted claims. (Dkt. #55).

## STANDARD OF REVIEW

Butler's petition, filed May 31, 2002, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule

from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

The deferential standard articulated by the AEDPA, however, does not apply if the state has failed altogether to review a particular claim. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts a *de novo* review. *See McKenzie*, 326 F.3d at 727; *see also Wiggins v. Smith*, 123 S. Ct. 2527, 2542 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

**I.        Petitioner's Motion to Stay Proceedings in this Matter**

Respondent asserts that claims VI and VIII of Petitioner's amended petition for writ of habeas corpus have not been properly exhausted. Petitioner requests that in the event that the Court finds that any of his claims are not properly exhausted that this matter be stayed so that he may return to state court to exhaust such claims.

In claim VIII of his amended petition for writ of habeas corpus, Petitioner asserts that his sentence violates his Eighth Amendment right to be free from cruel and unusual punishment. However, because Petitioner never pursued this claim in state court such is not properly exhausted. Respondent also asserts that claim VI of Petitioner's amended petition is not properly exhausted. The Court disagrees, as Petitioner clearly presented this claim to the Michigan Court of Appeals and the Michigan Supreme Court in his appeals following his re-sentencing.

In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion of the petition until the petitioner has exhausted his claims in the state court. *Id.* at 781; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002); *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002); *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

In *Rhines v. Weber*, 125 S.Ct. 1528 (2005), the United States Supreme Court held that issuance of a stay is appropriate only if the petitioner demonstrates good cause for failing to properly exhaust his claims in the state courts. *Id.* at 1535. The Court further held that even if the petitioner demonstrates good cause, a stay is inappropriate if the unexhausted claims are "plainly meritless."

*Id.* Petitioner has failed to demonstrate good cause for his failure to exhaust this particular claim. Moreover, as discussed below, this claim is plainly without merit. Accordingly, the Court concludes that Petitioner is not entitled to a stay in this matter.

Because Petitioner has failed to exhaust all the claims herein asserted, his petition for writ of habeas corpus ordinarily would be dismissed without prejudice as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509 (1982). However, because the statute of limitations has long since expired, dismissal of Butler's petitioner would prevent an adjudication of those claims which he has properly exhausted. Therefore, rather than dismiss Butler's petition, the Court shall instead address the merits of the various claims asserted, including claim VIII. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

**II.**     **Speedy Trial Claim**  (Habeas Claim I)

The complaint setting forth the charges presently at issue was issued on September 16, 1997, at which time Petitioner was incarcerated by the Michigan Department of Corrections on a separate matter. (Trial Transcript, July 20, 1998, 15). As of that date, Michigan law provided that:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint.

Mich. Comp. Laws § 780.131 (1997).

Failure to comply with this provision required that the warrant, indictment, information, or complaint be dismissed with prejudice. Mich. Comp. Laws § 780.133 (1997). Petitioner claims that because he was not brought to trial within 180 days as required by Michigan law, his right to a speedy trial, guaranteed by the Sixth Amendment to the United States Constitution, was violated. First, Petitioner is not entitled to relief based on an alleged violation of state law. *See* 28 U.S.C. § 2254. Furthermore, Petitioner suffered no violation of his Sixth Amendment right to a speedy trial.

When evaluating whether Petitioner suffered a violation of his right to a speedy trial, the Court must examine four factors: (1) whether the delay was uncommonly long, (2) the reason for the delay, (3) whether Petitioner asserted his right to a speedy trial, and (4) whether Petitioner suffered prejudice as a result of the delay. *See United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The length of the delay is a threshold question. Unless the delay which Petitioner experienced was uncommonly long, there is no need to consider the remaining factors. *See Schreane*, 331 F.3d at 553. The amount of time which transpired between the issuance of the complaint and the beginning of trial in this matter was 307 days. This delay does not implicate the right to a speedy trial. *See Cowart v. Hargett*, 16 F.3d 642, 646-47 (5th Cir. 1994) (a delay of 349 days was not a violation of the right to a speedy trial); *Singh v. Fischer*, 2004 WL 2999106 at *5 (E.D.N.Y., Dec. 29, 2004) (383 days not a violation of the right to a speedy trial); *Smith v. Walsh*, 2003 WL 22670885 at *4 (E.D.N.Y., Oct. 20, 2003) (306 day delay not a violation of the right to a speedy trial). Even assuming, however, that the delay in this matter was "uncommonly long" the remaining factors all weigh against Petitioner's claim.

The delay in this matter was attributable to Petitioner, who requested that he undergo a psychiatric examination prior to trial. (Trial Transcript, July 20, 1998, 15-20). Petitioner did not assert his right to a speedy trial in this matter. In fact, he waived his right to be tried within 180 days as otherwise required by Michigan law. *Id.* at 15. Finally, there is neither evidence nor allegation that Petitioner suffered any prejudice as a result of the delay in this matter. Accordingly, the Court concludes this claim raises no issue upon which habeas relief may be granted.

### III.        Sufficiency of the Evidence Claim  (Habeas Claim II)

Petitioner asserts that he is entitled to habeas relief because there did not exist sufficient evidence to support his conviction for indecent exposure. Specifically, Petitioner asserts that his conviction must be overturned because it is supported by circumstantial evidence only.

Claims challenging the sufficiency of the evidence are governed by the standard articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979), pursuant to which it must be determined whether viewing the evidence in the light most favorable to the prosecution and according the benefit of all reasonable inferences to the prosecution, any rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)).

Under Michigan law then in effect, "[a]ny person who shall knowingly make any open or indecent exposure of his or her person or of the person of another" was guilty of indecent exposure. Mich. Comp. Laws § 750.335a (1997).

The evidence reveals that Andrea LaRose encountered a naked man masturbating in a public parking garage. While she was unable to identify Petitioner as the perpetrator of this act,

Phil Crawford returned to the location of the incident only a few minutes later and discovered Petitioner pulling up his pants. While circumstantial, this evidence is sufficient to establish that Petitioner was the man that LaRose witnessed masturbating in public.

The Michigan Court of Appeals determined that Petitioner's sufficiency of the evidence claim was without merit. *People v. Butler*, No. 214174, Opinion at 3 (Mich. Ct. App., Sep. 19. 2000). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

**IV.        Improper Charging Claim**  (Habeas Claim VI)

Petitioner asserts that he was never properly charged with being a sexually delinquent person. The information filed by the prosecuting attorney in this matter clearly stated that Petitioner was being charged with two separate offenses: (1) indecent exposure and (2) being a sexually delinquent person. (Dkt. #47). The information separately described the two alleged offenses, separately articulated the potential penalties for such, and identified the separate statutory bases for the two charges. *Id.* Accordingly, the Court concludes this claim raises no issue upon which habeas relief may be granted.

**V.**     **Due Process Claim**  (Habeas Claim IV)

Petitioner asserts that because he was convicted of a misdemeanor, his due process rights were violated when the trial court sentenced him as if he had committed a felony.

Petitioner incorrectly asserts that he was convicted of a misdemeanor.  While Michigan law provides that the crime of indecent exposure (by itself) is a misdemeanor, Michigan law further provides that if at the time the person commits indecent exposure he is also a sexually delinquent person, he is guilty of a felony "punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life." Mich. Comp. Laws § 750.335a; *People v. Murphy*, 513 N.W.2d 451, 456 (Mich. Ct. App. 1994). Accordingly, the Court concludes this claim raises no issue upon which habeas relief may be granted.

**VI.**     **Sentencing Claims**  (Habeas Claims III, V, VII, and VIII)

Petitioner asserts various challenges to his sentence, none of which have merit. Petitioner asserts that his sentence of 1 day to life in prison violates the principle of proportionality and constitutes an invasion of the separation of powers.  Petitioner asserts that he was sentenced pursuant to an "implicitly" repealed sentencing provision.  Petitioner argues that the trial court improperly subjected him to a double sentence.  Finally, Petitioner asserts that his sentence violates his right to be free from cruel and unusual punishment.

   A.   Proportionality, Separation of Powers, and Cruel and Unusual Punishment Claim  (Habeas Claims III and VIII)

Petitioner asserts that his conviction violates the requirement under Michigan law that a criminal sentence be proportionate to the seriousness of the crime committed as well as to the

defendant's prior criminal record. Petitioner also asserts that his sentence violates the separation of powers and the prohibition against cruel and unusual punishment.

Because the United States Constitution "contains no strict proportionality guarantee," a claim that the sentencing court violated Michigan's principles of proportionality is not cognizable on federal habeas review. *Lunsford v. Hofbauer*, 1995 WL 236677 at *2 (6th Cir., April 21, 1995) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)).

Moreover, while the Eighth Amendment prohibits cruel and usual punishment, it "does not require strict proportionality between crime and sentence." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003) (quoting *Harmelin*, 501 U.S. at 1001). Instead, the Eighth Amendment simply forbids extreme sentences that are "grossly disproportionate" to the crime committed. *Layne*, 324 F.3d at 473. In light of Petitioner's extensive history of sexually deviant behavior, his sentence is not "grossly disproportionate" to the crime committed.

As for Petitioner's claim that his sentence constitutes a violation of separation of powers, such is not cognizable on federal habeas review. *See Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980) ("the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States"); *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (holding that separation of powers argument regarding length of sentence was not cognizable on federal habeas review).

B. Implicitly Repealed Sentencing Provision (Habeas Claim V)

Petitioner asserts that the Michigan legislature, in 1974, repealed "several other sex offender statutes" thereby implicitly repealing the particular provisions pursuant to which he was

convicted and sentenced. Even assuming that the Michigan legislature did repeal certain sex offender provisions in 1974, the provisions pursuant to which Petitioner was convicted and sentenced were not repealed and were properly invoked in the present matter.

### C. Double Sentence Claim (Habeas Claim VII)

Petitioner claims that when he was re-sentenced, the trial court improperly imposed upon him a "dual sentence" in violation of the Double Jeopardy Clause.

As noted above, upon re-sentencing, the trial court sentenced Petitioner for both the crime of being a sexually delinquent person as well as for the crime of indecent exposure. Petitioner asserts that this was in error because the relevant statute permitted him to be sentenced for *either* (1) the crime of indecent exposure *or* (2) the crime of committing indecent exposure while being a sexually delinquent person, but not for both offenses. *See* Mich. Comp. Laws § 750.335a (1997).

Petitioner is correct that the Double Jeopardy Clause prevents the imposition of multiple punishments for the same offense. *See Smith v. Mitchell*, 348 F.3d 177, 210 (6th Cir. 2003) (citations omitted). Moreover, as Petitioner's interpretation of the statute appears correct, his argument that his re-sentencing violated the Double Jeopardy Clause would appear to have merit. Nonetheless, any such error was harmless and, furthermore, Petitioner has received all the relief to which he is entitled.

Upon re-sentencing, Petitioner was sentenced to one year in jail for indecent exposure, but was also given credit for 1,207 days previously served. Thus, even assuming that Petitioner's sentence of one year in jail was improper, at the time he was re-sentenced this particular sentence had, for all practical purposes, already been served. Thus, any error was harmless in that

the alleged error did not subject Petitioner to the possibility of additional (and unwarranted) incarceration. *See Mitchell*, 348 F.3d at 210 (observing that sentencing errors such as this are subject to harmless error analysis). Further diminishing Petitioner's claim is the fact that the trial subsequently corrected the alleged error. On March 5, 2001, the trial court amended Petitioner's sentence, completely vacating his one year sentence for indecent exposure. (Dkt. #47). The Court concludes, therefore, that this alleged error was harmless and, moreover, was promptly corrected.

For the reasons articulated above, the Court concludes that Petitioner's various claims regarding his sentence in this matter fail to raise any issue upon which habeas relief may be granted.

## **CONCLUSION**

For the reasons detailed herein, the Court recommends that Petitioner's Motions to Amend and to Stay Petition for Writ of Habeas Corpus, (dkt. #55), be **denied**. The Court further recommends that Butler's petition for writ of habeas corpus, (dkt. #35), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: July 12, 2005            /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge