UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BUTLER,

    Petitioner,                                                         Case No. 1:02-cv-394

v                                                                     Hon. Wendell A. Miles

MARY BERGHUIS, Warden,

    Respondent.
_____/

ORDER ON OBJECTIONS TO MAGISTRATE'S
REPORT AND RECOMMENDATION AND ORDER
DENYING MOTION TO AMEND AND STAY PETITION

On July 12, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending (1) that petitioner's application for writ of habeas corpus be denied, and (2) that petitioner's motion to amend and stay the petition be denied. Petitioner has filed 32 pages of written objections to the R&R.

The court, having reviewed the R & R filed by the United States Magistrate Judge and the relevant portions of the file in this matter, and having reviewed petitioner's objections, agrees with the conclusions contained in the R & R, although the court – as discussed below – concludes that an additional basis exists for rejection of petitioner's "speedy trial" claim.  The court therefore denies petitioner's motion to amend and stay the petition (docket no. 55).  A judgment dismissing this action will be entered accordingly.

**Discussion**

Before seeking relief under § 2254, a state prisoner must exhaust available state remedies, including giving the state courts the opportunity to consider his federal claims. Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004). A habeas petitioner must therefore "fairly present" his claims to each level of the state court system. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999).

Respondent has raised the issue of exhaustion only with respect to Claims VI and VIII of the amended petition, and not with respect to Claim I, the "speedy trial" claim. Notwithstanding this failure, the court can find no indication that petitioner ever argued before the state courts that delay of his trial either prejudiced his right to trial or otherwise violated his rights under the Sixth Amendment. Instead, it appears that petitioner merely focused on whether the state technically exceeded the 180-day limit to bring him to trial. However, a state prisoner must alert the state court to the federal nature of his claim. See Baldwin, 541 U.S. at 32, 124 S.Ct. at 1351 ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 365-366, 115 S.Ct. 887, 888 (1995). "[T]he habeas petitioner must present his claim to the state courts as

2

a federal constitutional issue – not merely as an issue arising under state law." Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Because the only legal theory petitioner presented to the state courts – violation of the 180-day rule – is predicated entirely upon state law, the petitioner has not fairly presented the state courts with the substance of his constitutional theory.

Even if petitioner had presented this claim to the state courts, the court agrees with the Magistrate Judge's conclusion that petitioner has not established a violation of his Sixth Amendment right to a speedy trial. In her R & R, the Magistrate Judge appears to have concluded that the relevant delay period was 307 days, based on the length of time between the issuance of the complaint and the beginning of trial. R & R at 12. In his objections, petitioner argues that an additional time period of 67 days should have been counted, to account for the time between the date of his initial arrest and the issuance of the complaint. Petitioner's Objections at 20.

Had plaintiff raised his speedy trial claim as a federal constitutional claim, his computation argument might have some merit. "A person is 'accused,' and the Sixth Amendment speedy trial protection is engaged, by 'either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer for a criminal charge.'" United States v. Garner, 32 F.3d 1305, 1308 (8th Cir. 1994) (quoting United States v. Marion, 404 U.S. 307, 320, 92 S.Ct. 455, 463 (1971)); see Cowart v. Hargett, 16 F.3d 642, 645 (5th Cir. 1994) ("A defendant's speedy trial rights attach only when he is "formally charged with a crime or actually restrained in connection with that crime") (citation omitted). The Magistrate Judge notes that petitioner was already incarcerated by the Michigan Department of Corrections on September 16, 1997 – the date on which the complaint was issued. R & R at 11.

3

The record reflects that a general information was actually filed on July 3, 1997, the date on which petitioner was arrested. Although petitioner's incarceration beginning in July, 1997 was indeed on a separate sentence imposed after he entered a no contest plea on charges arising from a probation violation, the charges were clearly related, and therefore petitioner most likely stood "accused" by the State of Michigan beginning on July 3, 1997. Adding the additional 67-day period to the 307-day period results in a delay exceeding one year, the threshold for presumptively prejudicial delay, the relevant federal standard. See, e.g., Doggett v. United States, 505 U.S. 647, 652 n.1, 112 S.Ct. 2686, 2691 n.1 (1992) ("Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year") (citation omitted). Moreover, as petitioner has also noted in his objections, and the Michigan Court of Appeals appears to have recognized, at least some of this delay was attributable to the state, insofar as the Department of Corrections failed to transport petitioner for appearance on all scheduled court dates.

However, even assuming a delay which exceeds one year, petitioner has grounded his "speedy trial" argument entirely upon alleged errors by the state courts in interpreting and applying the state's own 180-day rule. A claim merely that the state violated its own law does not provide a basis for granting a federal writ of habeas corpus. See Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874 (1984) ("Under 28 U.S.C. § 2241 a writ of habeas corpus disturbing a state-court judgment may issue only if it is found that a prisoner is in custody 'in violation of the Constitution or laws or treaties of the United States' . . . A federal court may not issue the writ on the basis of a perceived error of state law"); Smith v. Sowders, 848 F.2d 735, 738 (6th Cir. 1988).

Because he has focused solely on state law in pursuing his speedy trial claim, petitioner

has not claimed prejudice; to date, he appears to contend that prejudice is "irrelevant." Petitioner's Objections at 31. Prejudice, however, is a "threshold" factor in determining whether a trial delay is unconstitutional. United States v. Thomas, 167 F.3d 299, 304 (6th Cir. 1999). Moreover, as the Magistrate Judge noted, prejudice is but one of the four factors which the court must examine in determining whether the delay of petitioner's trial violated his Sixth Amendments right, and even if the delay in this case was "uncommonly long," petitioner has not established that the remaining factors all weigh in his favor. R & R at 12.

## Conclusion

Incorporating the discussion above, the court hereby approves and adopts the Report and Recommendation as the decision of the court.

So ordered this 30th day of September, 2005.

      /s/ Robert Holmes Bell  
Robert Holmes Bell  
Chief United States District Judge  
for  
Wendell A. Miles  
Senior United States District Judge